## In re FESSENDEN.
### Patent Appeal No. 2900.

Court of Customs and Patent Appeals.
March 28, 1932.

Ezekiel Wolf, of Boston, Mass., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming the action of the Examiner in rejecting, for want of invention over the prior art, claims 1, 6, 7, 8, and 9 of appellant's application for patent filed on January 8, 1927, claims 3, 4, and 5 having been allowed.

Claims 6 and 8 are illustrative of the claims in issue, and read as follows:

"6. In the art of modulating electrical energy by the action of light, a selenium cell and a source of high frequency currents so operatively related to said cell that upon variation of the amount of light falling on said cell, the electrical capacity in the high frequency circuit is modulated in accordance therewith, said cell serving as a translucent condenser."

"8. In the art of modulating electrical energy by the action of light, a translucent cell serving as a condenser and adapted to have its capacity varied in accordance with the amount of light falling on the cell and a source of high frequency current operatively connected to the terminals of the cell forming a circuit in which the current variations correspond exactly with the condenser variations brought about by the action of the light falling on the cell whereby the energy in the electric circuit is modulated in accordance with the variation of the light falling on the cell."

The references relied upon are: Bell et al., 235,497, December 14, 1880; Mercadier, 420,884, February 4, 1890; Fessenden, 1,-015,881, January 30, 1912.

The alleged invention relates to a selenium cell, consisting of two short copper wires spaced from each other, around which selenium has been flowed; the selenium constitutes the dielectric between the said wires or electrodes; the cell is operatively connected to a source of high frequency current. The capacity of said cell is said to be varied in accordance with the intensity of light thrown upon it, whereby variations in the high frequency current are brought about which reflect the changes in degree of light impinging upon the cell; in other words, the result is that a current is produced which is modulated in accordance with the variations of light thrown upon the selenium cell. In the drawing accompanying the application this high frequency circuit also contains an amplifying transformer whereby said modulations are intensified, but the claims on appeal do not include such element.

The reference Fessenden, which is a prior patent to appellant, relates to apparatus for transmission of pictures by modulating current of high frequency in accordance with the light projected from the picture upon a series of selenium cells. The structure of said cells is not described in said patent, nor is the operation of said cells in so modulating the current stated by appellant in said patent to be due either to changes in capacity or to changes in resistance of said cells; it merely being stated that "the character of the waves is altered" when the cells are affected by exposure to light.

In the course of its discussion of this reference, the Board of Appeals stated as follows:

"Applicant states that the selenium cells used in the picture transmitting apparatus of his prior patent were resistance cells and that he does not in fact know of any prior selenium cells which were used as condensers. He further states that so far as he knows selenium cells by reason of their lag in operation have never been shown to be capable of

use in the art of television unless a considerable number of such cells were used.

"Applicant contends that the cell of the present application when used with currents of very high frequency acts as a condenser and that the objectionable lag is eliminated.

"The examiner has taken the position that the selenium cell in applicant's prior patent had capacity as well as resistance, both of which were changed in response to the changes in the light projected on the cell. The cell being connected to a source of high frequency currents, the changes in the capacity as well as the changes in the resistance due to the changes in the light modified the currents."

Appellant vigorously contends that the action of the selenium cell in the application which forms the basis of this appeal is due to the capacity effect of such cell when impressed with a potential of high frequency, and that the action of the selenium cells in his prior patent was due solely to changes brought about by variations in light in the resistance of said cells. With respect to this latter contention regarding the cells in his prior patent, as heretofore noted, there is nothing in said patent which affords a basis for ascribing their action solely to resistance changes. Upon oral argument it was conceded that these cells would have a certain capacity characteristic; this being so, and the cells being impressed, as shown by said patent, with a potential of high frequency, it seems to us that the conclusion of the Board is sound that the modulations obtained under these conditions were due, at least to some extent, to the changes in capacity of the selenium cells which would be produced by varying intensities of light projected upon said cells. We agree with the conclusion of the Board as stated in said quoted matter.

Appellant, at the hearing of this appeal, made the point that there was a structural difference between the apparatus contained in said patent reference and that shown in the application here involved. He points to that portion of claim 8 which reads as follows: " * * * And a source if high frequency current operatively connected to the terminals of the cell. * * * "

In the structure shown in the patent reference, one terminal of a high frequency generator is shown to be connected to ground; the other terminal is connected to the transmitting aerial, in which aerial circuit is interposed the selenium cells hereinbefore referred to. There is no direct physical connection from said aerial to the ground, or to the other side of the generator. Appellant claims that this does not constitute a source of high frequency current operatively connected to the terminals of the cells. It appears to us that the word "operatively" does not require that the connection necessarily be a physical one as to both terminals of the cell. In the structure disclosed in said patent reference, it does appear that the terminals of the selenium cells are connected in a circuit which is subjected to a high frequency potential, and that an oscillating current is produced in the circuit of which the selenium cells are a part; certainly current must oscillate in such circuit to produce any effect whatever. This being so, it appears to us that said cells are "operatively" connected to a source of high frequency current.

We do not think that there are any structural elements described in the claims here involved, or relations between them, that are not shown in said patent reference.

Furthermore, the art here involved is highly technical. The expert tribunals of the Patent Office concurred in finding want of patentability in the claims in issue, and the well-established rule is here particularly applicable that in such a case this court will not reverse the Board of Appeals unless the decision appealed from is manifestly wrong. The decision here involved is not manifestly wrong, but, as hereinbefore indicated, appears to us to be right.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.